UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILDRED BUKVICH<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.<br><br>Defendant. | CIVIL ACTION   1:15-cv-3218<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, MILDRED BUKVICH ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff seeks redress from unlawful credit and collection practices engaged in by Defendant. Plaintiff alleges violation of the of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 47 U.S.C. §227 (TCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person residing at 18302 Bock, Lansing, Illinois 60438.

5. Plaintiff is a "consumer" as defined by FDCPA (15 U.S.C. §1692a(3)).

6. At all times relevant to the action, Defendant was a Delaware corporation with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and with its registered agent located at Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

8. On information and belief, Plaintiff on October 15, 2007 opened an account at GE Money Bank ("subject debt").

9. GE Money Bank unsuccessfully attempted to collect the subject debt from Plaintiff.

10. Upon information and belief, sometime in 2011, the subject debt was purchased by Defendant.

11. Starting in 2011, Defendant started placing phone calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

12. Defendant would place up to three (3) phone calls a day to Plaintiff's cellular phone at times.

13. Plaintiff never provided GE Money Bank or Defendant with her cellular phone number.

14. From 2011 to present, Defendant placed substantially over one-hundred (100) phone calls to Plaintiff's cellular phone in an attempt to collect the subject debt although Plaintiff only has a call log for eighteen of these calls as described below.

15. Defendant has been attempting to collect, from Plaintiff, an alleged consumer debt in the amount of $1,094.98.

16. On April 14, 2014, Defendant filed a complaint in the Circuit Court of Cook County, Illinois against Plaintiff. The case was captioned *Portfolio Recovery Associates, L.L.C. v. Mildred Bukvich* case number 2014 M1 121170 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

17. Defendant filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

18. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

19. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

20. Cases filed in the First Municipal District are identified by the abbreviation "M1."

21. Lansing, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Sixth Municipal District. *Id.*

22. The Markham Courthouse is the courthouse that serves the Circuit Court of Cook County's Sixth Municipal District. *Id.*

23. The Richard J. Daley Center Courthouse is 26 miles from Plaintiff's home.

24. In contrast, the Markham Courthouse is 8.8 miles from Plaintiff's home.

25. In order for Plaintiff to travel to the Markham Courthouse from her home, she would merely have to drive on West 167th Street and park in the free parking lot at the Markham Courthouse.

26. According to Google Maps, the trip would take about 21 minutes.

27. In order for Plaintiff to travel to the Richard J. Daley Center Courthouse, she must take Interstate 94 West to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

28. According to Google Maps, this trip will take 32 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

29. The courthouse closest to Plaintiff's home is the Markham Courthouse.

### CALLS TO PLAINTIFF'S CELL PHONE

30. Prior to filing suit, Defendant called Plaintiff on her cell phone (708) 297-7535 to collect on the subject debt.

31. Upon information and belief, Defendant used an automatic telephone dialing system to make the calls to Plaintiff's cell phone.

32. In total, Plaintiff received over 18 calls in December of 2014 through February 2015 on her cell phone ((708) 297-7535) from a representative of Defendant seeking to collect upon the subject debt.

33. Defendant's calls to Plaintiff began before Defendant filed suit, in April 2014. The calls continue to occur.

34. Defendant called from the numbers (817)) 479-9154, (914) 595-7031, (817) 500-4360, and (859) 586-8557, (859) 586-9557, (620) 263-3537, (954) 506-9402, (817) 345-7094, (817) 479-9154, (754) 551-5117, (215) 268-7164, (215) 269-7164, among others.

35. When Defendant called, it would advise Plaintiff that Plaintiff needed to pay the outstanding bill on the subject debt.

36. Plaintiff did not pick up all of Defendant's phone calls, but did answer the phone on many occasions.

37. Defendant called on the following dates and times.  This list is not exhaustive (only includes calls from December, 2014 through February 2015:

    a.    Two Calls to Plaintiff's Cell Phone on December 13, 2014;

    b.    Two Calls to Plaintiff's Cell Phone on December 14, 2014;

    c.    Two Calls to Plaintiff's Cell Phone on December 22, 2014;

    d.    Two Calls to Plaintiff's Cell Phone on December 23, 2014;

    e.    One Call to Plaintiff's Cell Phone on December 24, 2014;

    f.    Two Calls to Plaintiff's Cell Phone on December 27, 2014;

    g.    Two Calls to Plaintiff's Cell Phone on January 2, 2015;

    h.    Two Calls to Plaintiff's Cell Phone on January 4, 2015;

    i.    One Call to Plaintiff's Cell Phone on January 6, 2015;

    k.    One Call to Plaintiff's Cell Phone on January 9, 2015;

    l.    One Call to Plaintiff's Cell Phone on February 23, 2015;

*See* attached Exhibit C is a true and correct copy of Plaintiff's phone records for the time period of part of December 2014 through February 2015.

38. Due to Defendant's relentless collection calls, Plaintiff sought the assistance of counsel to ensure that Defendant's abusive and unfair collection efforts ceased.

39. Plaintiff has expended numerous hours and incurred costs to consult with her attorneys on multiple occasions as a result of Defendant's unfair and deceptive collection actions.

40. Plaintiff has incurred increased fees associated with the use of her cell phone service by virtue of using numerous minutes, as she does not have unlimited minutes on her cell plan.

41. Plaintiff has incurred costs to receive phone records from her cell phone provider.

42. Plaintiff was unduly inconvenienced and mercilessly harassed by Defendant's unlawful repeated phone calls.

43. Plaintiff suffered emotional distress as a direct consequence of Defendant's unlawful collection practices.

44. Plaintiff has no prior or present established relationship with Defendant.

45. Defendant did not have Plaintiff's express written or oral permission to call her cell phone.

### COUNT I -- VIOLATION OF THE FDCPA AGAINST DEFENDANT

46. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

47. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

48. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

49. The closest courthouse to Plaintiff is the Markham Courthouse.

50. Defendant violated 15 U.S.C. §1692i(a)(2) when Defendant filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 17.2 miles further from Plaintiff's home than the Markham Courthouse.

51. Defendant sued Plaintiff at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

52. Defendant's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

53. Portfolio is attempting to collect a debt it has no legal right to sue on as the Statute of Limitation had expired prior to filing of the Collection Case.

54. Portfolio also violated 15 U.S.C. §§1692 e(2), e(10), and (f) through its debt collection efforts.

55. Portfolio violated 15 U.S.C. §1692(e)(2) when it misrepresented the character, amount, or legal status of the subject debts as the Statute of Limitation had expired prior to the time the Collection Case was filed.

56. Portfolio violated 15 U.S.C. §1692(e)(10) when it falsely represented the status of the subject debt as the Statute of Limitation had expired prior to the time the Collection Case was filed.

57. Portfolio violated 15 U.S.C. §1692(f) by employing unfair and unconscionable means to collect the subject debts as the as the Statute of Limitation had expired prior to the time the Collection Case was filed.

58. As a result of the above violations of the FDCPA, and in consideration of the willful and malicious disregard to the FDCPA, Plaintiffs are entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692.

WHEREFORE, Plaintiff, MILDRED BUKVICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

59. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

60. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system. 47 U.S.C. §227(b)(1)(iii).

61. Defendant violated the TCPA by placing at least 18 phones calls to Plaintiff's cell phone, for which she is charged for the call, using an automatic dialing system ("ATDS"), in an attempt to collect the subject debt.

62. Upon information and belief, Defendant used a predictive dialing system to place calls to Plaintiff.

63. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012).

64. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an ATDS. *Id.*

65. Upon information and belief, it is part Defendant's routine debt collection business practice to place calls to persons' cell phones using an ATDS, without express or oral consent.

66. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is entitled under 47 U.S.C. §227(b)(3)(C).

67. As pled in paragraphs 32 through 38 above, Plaintiff was harmed by Defendant's repeated collection calls.

68. As a result of the above violations of the TCPA, and in consideration of the willful and malicious disregard of the TCPA, Plaintiff is entitled to an award of statutory and treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, MILDRED BUKVICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.    Awarding Plaintiff damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Awarding Plaintiff treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  April 10, 2015	Respectfully Submitted,

        /s/ Paul M. Bach
        Paul M. Bach, Esq. ARDC #6209530
        *Counsel for Plaintiff*
        Sulaiman Law Group, Ltd.
        900 Jorie Blvd, Ste 150
        Oak Brook, IL 60523
        Phone (630)575-8181
        Fax: (630)575-8188